# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN M. BARTLETT,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL PENZONE,<br><br>    Respondent. | No. 2:18-CV-2598-TLN-DMC-P<br><br><br>ORDER |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

        Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. Petitioner, who is incarcerated in Arizona, claims the California State Bar violated his constitutional rights by denying him a "'full and fair' evidentiary hearing" in the context of his misconduct claim against attorney Phillip Trevino. On the face of the current petition, petitioner does not appear to challenge his underlying conviction, nor does petitioner seek an earlier or immediate release from prison.

///

1

To state a cognizable federal habeas corpus claim, the petitioner must assert he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To satisfy this requirement, the petitioner must allege a nexus between his claims and the unlawful nature of the custody. See Bailey v. Hill, 599 F.3d 976, 978-80 (9th Cir. 2010). In this case, petitioner cannot allege such a nexus because his claims of constitutional error in the context of a state bar proceeding do not relate to his custody, let alone suggest the unlawful nature of such custody.

It may be, however, petitioner seeks to challenge his underlying conviction based on a claim he received ineffective assistance of counsel. To the extent this is the case, petitioner will be granted leave to file an amended petition.

Accordingly, IT IS HEREBY ORDERED that;

1. Petitioner's petition for a writ of habeas corpus (Doc. 1) is summarily dismissed with leave to amend;

2. Petitioner shall file an amended petition on the form provided by the court within 30 days of the date of this order; and

3. The Clerk of the Court is directed to send to petitioner the court's form habeas corpus petition.

Dated: November 1, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2