# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN M. BARTLETT,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL PENZONE,<br><br>    Respondent. | No. 2:18-CV-2598-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's first amended petition for a writ of habeas corpus (Doc. 11).

        Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. Petitioner, who is incarcerated in Arizona, claims the California State Bar violated his constitutional rights by denying him a "'full and fair' evidentiary hearing" in the context of his misconduct claim against attorney Phillip Trevino. Petitioner does not challenge his underlying conviction, nor does petitioner seek an

/ / /

/ / /

earlier or immediate release from prison.[1]

To state a cognizable federal habeas corpus claim, the petitioner must assert he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To satisfy this requirement, the petitioner must allege a nexus between his claims and the unlawful nature of the custody. See Bailey v. Hill, 599 F.3d 976, 978-80 (9th Cir. 2010). In this case, petitioner cannot allege such a nexus because his claims of constitutional error in the context of a state bar proceeding do not relate to his custody, let alone suggest the unlawful nature of such custody.

Based on the foregoing, the undersigned recommends that petitioner's first amended petition for a writ of habeas corpus (Doc. 11) be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 18, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent petitioner was attempting to state a claim based on ineffective assistance of counsel, the court dismissed plaintiff's original petition with leave to amend. See Doc. 9 (November 2, 2018, order). Petitioner has not indicated in the first amended petition any desire to present an ineffective assistance of counsel claim. To the contrary, the first amended petition is virtually identical to the original petition.